UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MARK HAMMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 2:13-cv-00448-JDL** |
| **DEFENDER SECURITY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Mark Hammer has filed a single count complaint (the "Amended Complaint") against his former employer, the defendant, Defender Security Company ("Defender"), alleging he was unlawfully discharged in retaliation for protected whistleblowing activity in violation of the Maine Whistleblower's Protection Act, 26 M.R.S.A. § 831 *et seq.* ("WPA"). Defender has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. It contends that (1) Hammer's failure to plead in his complaint that he seeks relief pursuant to the Maine Human Rights Act, 5 M.R.S.A. § 4551, *et seq.* ("MHRA") and not simply the WPA requires dismissal of the complaint, and (2) even if the complaint is construed as properly stating an MHRA claim, Hammer has failed to present sufficient admissible evidence to establish that his alleged protected activity caused his termination. I deny the motion.

**I. FACTUAL BACKGROUND**

The summary judgment record, viewed in the light most favorable to Hammer as the non-moving party, reveals the following facts.

A.    **Hammer's Employment with Defender**

Hammer, a master electrician, was employed by Defender as a security adviser from April 2012 to October 20, 2012.  ECF No. 36 at 2.  As a security adviser, Hammer sold and installed alarm systems in Maine.  The job requirements explicitly required Hammer to provide his own reliable vehicle to get to and from customers' homes.  ECF No. 38-3 at 14.  At times, however, Hammer travelled to and from job sites in the vehicles of other Defender employees, including his supervisor John Brady.  ECF No. 40 at 1.

B.    **Alleged Protected Activity**

Hammer contends that he became concerned about the practice of Brady and other Defender employees installing alarms in Maine without holding a Maine electrician's license or without the supervision of a Maine licensed electrician.  ECF No. 39 at 4.  Hammer asked Brady to provide proof that he (Hammer) would not be held responsible for installation jobs that he did not perform.  *Id*.  Hammer also communicated with John Sorrell, the Defender employee responsible for researching licensing requirements in the New England states, about this issue.  *Id*. at 7.  Hammer also complained to Brady about (1) Defender's failure to obtain permits from local towns and cities, (2) Defender's sales persons misrepresenting products to customers, and (3) the failure of Defender's technicians to pay Maine income taxes associated with income earned on installations in Maine.  *Id*. at 8-9.  For purposes of its summary judgment motion only, Defender does not dispute that Hammer engaged in whistleblowing activity protected by the MWPA.  ECF No. 36 at 9.

2

C.     **Hammer's Termination**

Defender maintains that Hammer's employment was terminated on October 20, 2012, because he failed to report for three jobs assigned to him and he failed to maintain a reliable vehicle.  ECF No. 35 at 2.  According to Defender, the first of the three assigned jobs was scheduled for October 11, 2012.  ECF No. 37 at 6.  Brady called Hammer twice that morning and the calls were unanswered.  ECF No. 38-4 at 31-32.  When Brady arrived at Hammer's apartment to pick him up, Hammer was not there.  *Id.*  Hammer denies these allegations in all material respects.  ECF No. 40 at 3-4.

The second of the three jobs was scheduled for October 13, 2012.  ECF No. 37 at 6.  Defender asserts that Brady called Hammer that morning and Hammer stated he could not go to his job that day because he had been in a bar fight the night before and was not presentable to be in front of a customer.  ECF No. 38-4 at 27.  Hammer denies having made the statement and that he failed to appear for a scheduled job on October 13.  ECF No. 40 at 4.

The third of the three jobs was scheduled on October 20, 2012 in Waterville.  ECF No. 37 at 9.  Defender asserts that Brady called Hammer twice that morning to inform him of the assignment, but Hammer did not answer his phone.  *Id.*  Hammer denies this assertion, claiming instead that he and Brady did speak by phone, but that after Brady refused to provide Hammer with the customer's phone number which Hammer intended to use to make sure that the customer would be home for the service call, Brady fired Hammer, stating, "I don't need you anymore.  All the

complaining, I don't need you or you're [sic] complaining anymore.  You're fired."  ECF No. 40 at 6.

Defender asserts that Brady recommended to Kris Tompkins, a regional director, that Hammer be terminated, and that Tompkins approved the termination and recommended the same to Defender's human resources department.  ECF No. 37 at 9-10.  Misty Watson, an employee relations manager with the department, approved the termination.  *Id.* at 10.  Defender asserts that neither Tompkins nor Watson were aware at that time of any of the whistleblowing complaints Hammer had made regarding Defender's business practices.  *Id.* at 11.  Hammer denies that Tompkins and Watson had not been previously informed of Hammer's complaints.  ECF No. 40 at 7.

With regard to the unreliability of Hammer's vehicle, Defender contends that Hammer's vehicle began having problems and became unreliable in September 2012.  ECF No. 37 at 5.  Hammer told Brady he could not drive to installations that were far away from his house because he did not have the money needed to fix his vehicle.  *Id.*  From that point on, Brady drove Hammer to job locations two to three times a week.  *Id.*  Hammer denies these allegations in all material respects.  ECF No. 40 at 3.

## II. SUMMARY JUDGMENT STANDARD

### A.   Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Ahmed v. Johnson*, 752 F.3d 490, 495 (1st

4

Cir. 2014).  In making that determination, a court must view the evidence in the light most favorable to the non-moving party.  *Johnson v. Univ. of Puerto Rico*, 714 F.3d 48, 52 (1st Cir. 2013).  "[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations and quotations omitted).

## B.   Local Rule 56

Local Rule 56 defines the evidence that this court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment. First, the moving party must file a statement of material facts that it claims are not in dispute, with each fact presented in a numbered paragraph and supported by a specific citation to the record.  *See* Loc. R. 56(b).  Second, the non-moving party must submit its own short and concise statement of material facts in which it admits, denies, or qualifies the facts alleged by the moving party, making sure to reference each numbered paragraph of the moving party's statement and to support each denial or qualification with a specific citation to the record.  Loc. R. 56(c).  The non-moving party may also include its own additional statement of facts that it contends are not in dispute.  *Id.*  Third, the moving party must then submit a reply statement of material facts in which it admits, denies, or qualifies the non-moving party's additional facts, if any.  Loc. R. 56(d).

The court may disregard any statement of fact that is not supported by a specific citation to the record, Loc. R. 56(f), and the court has "no independent duty

to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." *Id.*; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2).  Properly supported facts that are contained in a statement of material or additional fact are deemed admitted unless properly controverted.  Loc. R. 56(f).

### III. LEGAL ANALYSIS

The MHRA makes it unlawful for an employer to discriminate against an employee who engages in whistleblowing activity protected by the WPA.  *See Fuhrmann v. Staples Office Superstore East, Inc.*, 2012 ME 135, ¶ 14, 58 A.3d 1083 ("the MHRA provides a direct cause of action for employees alleging discrimination based on WPA-protected whistleblowing activity[.]").  To prevail on a claim of unlawful retaliation Hammer must prove that: "(1) [h]e engaged in activity protected by the WPA; (2) [h]e experienced an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action." *Walsh v. Town of Millinocket*, 2011 ME 99, ¶ 24, 28 A.3d 610; *see also Winslow v. Aroostook Cnty.*, 736 F.3d 23, 30 (1st Cir. 2013).  Summary judgment motions involving WPA claims are evaluated with the "shifting burdens" analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Thus, once Hammer presents prima facie evidence of the three elements, Defender assumes the burden of producing prima facie evidence of a legitimate, non-retaliatory reason for his discharge, after which the burden returns to Hammer to produce prima facie evidence that the reason offered by Defender is pretextual.  *See Fuhrmann*, 2012 ME 135, ¶

13, 58 A.3d 1083; *Stanley v. Hancock Cnty. Comm'rs*, 2004 ME 157, ¶ 14, 864 A.2d 169.

Defender acknowledges that, for purposes of summary judgment, there are triable issues of fact concerning the first two of the three elements of Hammer's prima facie case: that he engaged in protected activity and that his termination was an adverse employment action. ECF No. 36 at 9. Defender nevertheless contends that summary judgment is appropriate for three reasons: (1) there is no independent cause of action for violations of the WPA, and Hammer's complaint fails to state a claim for relief under the MHRA, *id.* at 6-8; (2) the undisputed material facts establish that Hammer cannot prove the third, causation prong of his required prima facie case, *id.* at 9-16; and (3) even if Hammer is found to have established a prima facie case, the undisputed material facts establish that his employment was terminated for a legitimate, non-retaliatory reason, and not as a matter of pretext, *id.* at 16-18.

## 1.   The Sufficiency of Hammer's Amended Complaint

Defender's challenge to the sufficiency of the Amended Complaint based on failure to expressly cite to the MHRA as the statutory basis for the relief Hammer seeks is in the nature of a motion to dismiss for failure to state a claim governed by Federal Rule of Civil Procedure 12(b)(6). The pleading requirements for stating a claim are contained in Federal Rule of Civil Procedure 8(a):

> **(a)**   **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)**   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Here, the Amended Complaint establishes the basis for the court's diversity jurisdiction, and alleges the following: Hammer was employed by Defender as a master electrician. ECF No. 32 at 2. During his employment, Hammer complained to management that other employees were working under his Maine electrical license; that the company did not pay Maine income tax; that it failed to obtain permits from local municipalities; and that sales staff misrepresented products to customers to induce them to make purchases. *Id.* The Amended Complaint also alleges that Hammer believes he was terminated by Defender in retaliation for his whistleblowing activity; that prior to filing his complaint, he complied with all administrative requirements and received a right to sue letter from the Maine Human Rights Commission; that his firing was in retaliation for his whistleblowing activities in violation of the WPA; and that the retaliation caused him to suffer damages.[1] *Id.*

---

[1] The amended complaint contains the following prayer for relief:

> WHEREFORE, Plaintiff respectfully requests that this Honorable Court (1) enter judgment in favor of the Plaintiff and (2) award damages sufficiently large to compensate for damages she [sic] has suffered as a result of Defendant's conduct including, but not limited to, damages for general and non-economic damages, economic damages, pre-judgment and post- judgment interest, lost wages, punitive damages, costs of this suit, including reasonable attorney fees and costs, injunctive relief and such further relief the Court may deem proper.

ECF No. 32 at 3.

When reviewing the sufficiency of complaints, judges are required to draw upon their "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also A.G. ex. Rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (observing that under *Iqbal*, "[f]or a claim to withstand a motion to dismiss, it need not show that recovery is probable, but it must show 'more than a sheer possibility' of liability."). Under Federal Rule of Civil Procedure 8(a)(2), "the plaintiff has a responsibility for identifying the nature of her claim." *Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 90 (1st Cir. 2014) (internal quotations and citations omitted), but there is no requirement that a complaint explicitly cite the statute or statutes it is brought under. *Id.* at 91 ("a complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8.") (internal quotation omitted).

Hammer's Amended Complaint leaves no doubt as to the basis for the court's diversity jurisdiction as required by Rule 8(a)(1), *see* ECF No. 32 at 1, ¶ 3, and as to the money damages and attorney fees sought as required by Rule 8(a)(3), *id.* at 3. Less obvious is the Amended Complaint's "short and plain statement of the claim" showing Hammer's entitlement to relief as required by Rule 8(a)(2). It is plain from what is pleaded however, that Hammer claims to have been discharged by Defender in retaliation for his whistleblowing activity in violation of the WPA. *See id.* at 2. Although Defender correctly notes that the Amended Complaint does not recite the fact that civil actions for WPA violations are authorized by the MHRA, the MHRA is nevertheless invoked by the amended complaint's assertion that Hammer received a right to sue letter from the Maine Human Rights Commission, the administrative

body responsible for administering the MHRA.  *Id.*  Viewed through the lens of judicial experience and common sense, the Amended Complaint does contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).

## 2.    Causation and Pretext

Defender asserts that the undisputed material facts establish that Hammer cannot prove the third, causation prong of his prima facie case.  Defender contends that the applicable standard is "but-for" causation, ECF No. 36 at 10, but that even if the more forgiving "substantial motivating factor" causation standard is applied, summary judgment is appropriate, *id.* at 18.  *Compare Univ. Tex. Sw. Med. Cntr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (concluding that but-for causation applies to Title VII retaliation claims), *with Walsh*, 2011 ME 99, ¶ 24, 28 A.3d 610 (applying the substantial motivating factor standard for purposes of WPA retaliation claims brought pursuant to the MHRA); *see also Caruso v. The Jackson Laboratory*, 2014 ME 101, ¶ 17, 98 A.3d 221 (equating the substantial motivating factor causation and but-for causation standards); *Fuhrmann*, 2012 ME 135, ¶ 21, 58 A.3d 1083.

The summary judgment record establishes that Hammer disputes all of the key material facts Defender cites for support of its legitimate, non-discriminatory reasons for terminating Hammer's employment (i.e., that Hammer's vehicle was unreliable and that he failed to appear for three job assignments).  What is more, Hammer affirmatively asserts in his statement of material facts that after he told Brady that it was illegal and fraudulent for an unlicensed person to accept payment

for an electrical installation, Brady "fabricated some story about no call, no shows, trying to get [Hammer] fired." ECF No. 43-2 at 4. In short, the factual dispute in this case is both genuine and acute.

Accordingly, regardless of which causation standard applies—substantial motivating factor or but-for—Hammer has presented sufficient proof to satisfy the causation prong of the *McDonnell Douglas* test. If a jury were to accept Hammer's recounting of the facts, it could reasonably conclude that Defender terminated Hammer's employment approximately two months after Hammer complained about unlicensed Defender employees working under his master electrician's license in Maine. Similarly, Hammer has satisfied his burden at the final step of the *McDonnell Douglas* framework, having produced evidence that, if believed, would permit a jury to conclude that Defender's stated reason for his firing was a pretext for retaliation.

Defender's motion for summary judgment is **DENIED**.

**SO ORDERED.**

This 22nd day of April, 2015

/s/ Jon D. Levy
U.S. DISTRICT JUDGE
